IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THELMA ERVIN,

    Plaintiff,

vs.                                CASE NO. CV-10-J-2230-S

MICHAEL ASTRUE, Commissioner
of Social Security,

    Defendant.

## MEMORANDUM OPINION

The plaintiff, Thelma Ervin, brings this action pursuant to the provisions of 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income.

Plaintiff filed her application for benefits on January 2, 2008, alleging an inability to work from January 1, 2004 (R. 84–87),[1] due to injuries from an auto accident with inability to stand for any length of time, difficulty moving around, muscle stiffness and soreness in the mornings, and problems with her hands, neck, and knees, as well as chronic pain and depression (R. 19, 21-22).  She also complains of the side effects of her medication (R. 20).  The application was

---

[1] At hearing, plaintiff amended her onset date to January 2, 2008 (R. 16).

denied initially on June 27, 2008 (R. 39–45), and again by an Administrative Law Judge on February 10, 2010 (R. 307–21).

**Factual Background**

At the time of the hearing before the Administrative Law Judge ("ALJ"), the plaintiff was forty (40) years old and had graduated from high school. (R. 20). She previously worked at an Econo Lodge immediately after high school, but had not worked for pay in the last fifteen years. (*Id.*). She was 5'6" and weighed 256 pounds. (R. 30). She was previously awarded disability benefits by two favorable ALJ decisions, which were terminated in November 2007.[2] (R. 101, 104).

The ALJ found that plaintiff has the following severe impairments: lumbar herniated disc without nerve root impingement, fibromyalgia, Thalassemia with sickle cell, and right lateral patellar chondromalacia. (R. 312). The ALJ further determined that plaintiff has the residual functional capacity ("RFC") to perform a reduced range of medium-level work. (R. 317).[3] Based on the vocational expert's

---

[2]A claim filed on November 15, 1994, resulted in an award with an onset of the same date by ALJ Cooper on July 24, 1997. A claim filed on June 22, 2004, resulted in an award with an onset date of March 15, 2003, by ALJ Brower on July 31, 2006. (R. 101).

[3]Specifically the ALJ found that:

The claimant is able to occasionally lift and/or carry up to 50 pounds, frequently lift and/or carry up to 25 pounds, stand and/or walk about six hours in an eight hour workday, sit about six hours in an eight hour workday, and perform unlimited pushing and pulling. The claimant could frequently climb ramp/stairs but never

testimony, the ALJ found that there are a significant number of jobs in the regional and national economy that plaintiff can perform, including cleaner, dietary aide, and order picker. (R. 34–35, 320). Therefore, the ALJ concluded that plaintiff has not been disabled since her alleged onset date. (R. 320).

## Standard of Review

This court's review of the factual findings in disability cases is limited to determining whether the record contains substantial evidence to support the ALJ's findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Wolfe v. Chater*, 86 F.3d 1072, 1076 (11th Cir. 1996); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

In determining whether substantial evidence exists, this court must scrutinize the record in its entirety, taking into account evidence both favorable and unfavorable to the Commissioner's decision. *Lamb v. Bowen*, 847 F.2d 698,

---

ladder/rope/scaffold. She could frequently balance, stoop, kneel, crouch, or crawl. She would have no manipulative, visual, or communicative limitations, and she should avoid all exposure to hazardous machinery. The claimant would be able to understand, remember, and carry out simple instructions, sustain attention and concentration for two hours at a time in an eight-hour workday with normal breaks, and adapt to changes in a work setting. The claimant would require a position which requires only casual contact with the general public and supportive supervision. The claimant would be able to interact appropriately with co-workers on a limited basis. The claimant's RFC is also reduced because she experiences mild to moderate pain.

(R. 317).

701 (11th Cir. 1988); *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987). This court may not decide facts anew, re-weigh the evidence or substitute its judgment for that of the ALJ, even if the court finds that the weight of the evidence is against the Commissioner's decision. *Martin*, 894 F.2d at 1529.  This court must affirm the decision of the ALJ if it is supported by substantial evidence. *Miles v. Chater*, 84 F.3d 1397 (11th Cir. 1996); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

This court must also be satisfied that the decision of the Commissioner is grounded in the proper application of the appropriate legal standards. *Davis v. Shalala*, 985 F.2d 528 (11th Cir. 1993); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). The Commissioner's "failure to . . . provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

## Legal Analysis

The court finds that the ALJ erred by relying on the assessment of a disability specialist.  The opinion of a non-medical consultant is not entitled to any deference. *See* 20 C.F.R. § 416.913. However, the ALJ stated:

> As for the opinion evidence, *great weight* is given [to] the opinion of Disability Specialist Martha Crittendon who opined that it was reasonable to assume that the claimant would have some slight physical limitation, but that the claimant's allegations were only partially credible for severity. Martha Crittendon's opinion is consistent with the evidence of record as a whole.

(R. 319) (emphasis added). The ALJ's reliance on a non-medical opinion constitutes reversible error.

Furthermore, although the ALJ states that the disability specialist's opinion is consistent with the evidence as a whole (*id.*), it is not. The evidence of record does not indicate that plaintiff is capable of medium work. Since plaintiff's onset date, she has continually reported that she suffers from moderate to severe pain. (R. 220, 281, 284, 289). Although she indicates that she lies down in bed most of the day (R. 26), she states that her pain begins at a 9 out of 10 and goes down to a 6–7 with medication (*id.*). She has indicated that her medications produce adverse side effects, causing her to become tired, weak, and unable to concentrate. (R. 19, 21, 25, 28). The disability specialist's assessment is inconsistent with the record, failing to look at the effect of all of plaintiff's impairments in combination, including her depression, obesity, neck problems, chronic pain, fibromyalgia, herniated disk, right arm problems, and the side effects of her medication.

## **Conclusion**

Based on the lack of substantial evidence in support of the ALJ's findings, it is hereby **ORDERED** that the decision of the Commissioner be **REVERSED** and this case be **REMANDED** to the Agency for development of additional evidence as to what effect plaintiff's impairments have in combination on her ability to hold a job in the regional and national economy, which shall be done by separate order.

**DONE** and **ORDERED** this 10th day of May 2011.

*/s/ Inge Prytz Johnson*
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE